JAMES SHEERAN, *Appellee,* v. ISAAC SHOCKEY, *Appellant.*

No. 16,327.

AGENT'S COMMISSION—*Sale of Real Estate.* The evidence supported a verdict for the plaintiff in an action to collect a commission for effecting a sale of real estate.

Appeal from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed February 12, 1910. Affirmed.

*C. S. Crawford,* for the appellant.

*G. W. Hurd,* and *Arthur Hurd,* for the appellee.

*Per Curiam:* The only defense to the plaintiff's claim for commission as a real-estate broker is that the broker in reporting the sale had told the defendant, owner of the property, that an outstanding mortgage upon the property, not due, could be paid off and released, and that the offer of the purchaser was accepted upon that understanding. The defendant testified:

"Sheeran came down again and he said he had arranged with Harris [the mortgagee] to take a first mortgage. I said if you have done that so everything will be satisfactory and nothing out to me I will accept, and I told him then I had just paid $60 on the first of March. He said he made arrangements with Harris to take the money and it can be arranged that way. I said all right, if you can, so it will be satisfactory and nothing out to me I will accept, I am willing to do that."

Some time after this conversation the parties met with the purchaser to complete the sale. The mort-

gagee was not present, but a slip was produced showing that he would require the payment in advance of interest for the current six months, as well as the principal. For this, and for no other reason, the defendant refused to make the conveyance, and the sale failed.

The plaintiff's version of the conversation referred to differs somewhat from that given by the defendant, quoted above, and, besides, it does not clearly appear that this interview was before the defendant's acceptance of the offer; but conceding that it was, and that the defendant's version is correct, it is not shown that Mr. Harris did not say to the plaintiff that he would accept the principal and release the mortgage. He may have made the statement attributed to him just as it was related and afterward changed his mind. For this the plaintiff would not be responsible.

The evidence supports the verdict, and the judgment is affirmed.